IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GEORGE KEITH MARTIN,

    Petitioner-Defendant,

v.

    Civil Action No. 1:13-cv-149
    Criminal Action No. 1:05-cr-21
    (Judge Keeley)

UNITED STATES OF AMERICA,

    Respondent-Plaintiff.

## REPORT AND RECOMMENDATION/OPINION

### I. INTRODUCTION

On May 28, 2013, George Keith Martin ("Petitioner"), proceeding *pro se*, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Docket No. 209-1.) The Government was ordered to answer Petitioner's motion on May 30, 2013. (Docket No. 213.) On June 27, 2013, the Government filed a Motion for Extension of Time to File Response. (Docket No. 217.) The Government's motion was granted on July 1, 2013. (Docket No. 220.) The Government filed a Response in Opposition to Motion on December 23, 2013. (Docket No. 227.) This case is before the undersigned for a report and recommendation pursuant to LR PL P 83.01, et seq. For the reasons stated below, the undersigned recommends that the District Judge deny all claims of Petitioner's Motion to Vacate, except Claim Three. The undersigned recommends that an evidentiary hearing be held regarding Claim Three.

### II. FACTS

*A.    Conviction and Sentence*

On May 18, 2005, a Grand Jury sitting in the Northern District of West Virginia returned a

1

Superseding Indictment in which Petitioner was charged with five (5) counts of drug-related offenses. (Docket No. 22.) In Count One, the Petitioner was charged with conspiracy to possess with intent to distribute and to distribute in excess of 50 grams of crack cocaine, in violation of 21 U.S.C. § 846; in Count Two, Petitioner was charged with aiding and abetting the distribution of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2; in Counts Three and Four, Petitioner was charged with distributing crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and in Count Five, Petitioner was charged with using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Id.)

Following a three-day trial that concluded on January 27, 2006, the jury convicted Petitioner on Counts One, Two, Four, and Five, but found him not guilty of Count Three. (Docket No. 100.) In a special interrogatory as to Count One, the jury found Petitioner guilty of distributing more than 50 grams of crack cocaine. (Id. at 2.)

The Petitioner's sentencing hearing began on May 12, 2006. (Docket No. 127.) After limiting the Petitioner's base offense level to 32, the District Court sentenced the Petitioner to 210 months of incarceration for Counts One, Two, and Four, to be served concurrently. (Docket No. 127-1 at 26:11-18.) Petitioner was sentenced to 60 months of incarceration for Count Five, to run consecutively. (Id.)

## B. Direct Appeal

Petitioner subsequently appealed his conviction and sentence to the United States Court of Appeals for the Fourth Circuit. See United States v. Martin, 278 F. App'x 248 (4th Cir. 2008) (per curiam). Petitioner argued:

(1) there was insufficient evidence to support his conviction; (2) the district court

2

erred in not including his proposed jury instruction on weaker and less satisfactory evidence in its charge to the jury; and (3) the district court erred in allowing the government to improperly bolster their case through the testimony of Sergeant Purkey and admission of the videotape.

Id. at 250. The Government cross-appealed Petitioner's sentence "claiming the district court erred in holding that the court was unable . . . to make any additional factual finding that had not been determined by the jury nor admitted by the defendant." Id. The Fourth Circuit vacated the Petitioner's conviction of Count Five, affirmed the other convictions, and remanded the case to the District Court for resentencing. Id.

On January 11, 2011, Petitioner appeared before Judge Keeley for resentencing. (Docket No. 180.) The Petitioner was sentenced to 270 months and 5 years supervised release for Count One, and 240 months and 3 years of supervised release for Counts Two and Four, all to be served concurrently. (Id.) On January 19, 2011, Petitioner filed a Notice of Appeal. (Docket No. 182.) On appeal, the Petitioner "argue[d] that the district court erred in sentencing him based on a drug amount greater than that found by the jury and in applying a three-level enhancement for his role in the offense." United States v. Martin, 456 F. App'x 240, 241 (4th Cir. 2011). On November 29, 2011, the Fourth Circuit dismissed the Petitioner's appeal and affirmed the conviction. Id. The Petitioner proceeded with a petition to the Supreme Court of the United States on writ of certiorari. The writ was denied on October 1, 2012. See Martin v. United States, 133 S.Ct. 285 (2012).

### C.   *Federal Habeas Corpus*

#### 1.   **Petitioner's Motion**

In his motion, Petitioner raises the following claims:

1.   Trial counsel failed to file Motion to Dismiss/Motion to Sever Count Five of the

3

Superseding Indictment;

2. Trial counsel interfered with plea negotiations;

3. Trial counsel refused to let Petitioner testify on his own behalf;

4. Trial counsel failed to request appropriate sanctions for discovery violations;

5. Trial counsel failed to request an informant jury instruction;

6. Appellate counsel failed to consult with Petitioner during the appellate process;

7. Appellate counsel failed to argue that trial counsel was ineffective when he failed to file a Pretrial Motion to Sever Count Five of the Superceding Indictment;

8. Appellate counsel failed to argue that trial counsel was ineffective when he failed to request an informant instruction;

9. Appellate counsel failed to argue that the expert testimony of a drug task force officer fell below the required Daubert standards;

10. Appellate counsel failed to argue that the drug task force officer's testimony regarding prior contacts with Petitioner violated the Federal Rules of Evidence; and

11. Appellate counsel failed to argue that the probation office's confidential sentence recommendation to the Judge violated Petitioner's due process rights.

(Docket No. 209-1 at 4-25.)

**2. Government's Response**

In opposition to Petitioner's motion, the Government asserts the following:

1. Trial counsel's decision not to file a Motion to Sever Count Five from the

> Superceding Indictment did not prejudice Petitioner because joinder was proper under the over-arching conspiracy charge;

2. Petitioner's decision to proceed to trial was not based upon deficient advice from trial counsel;

3. The record reflects that trial counsel consulted with Petitioner regarding his defense;

4. Trial counsel was not deficient for failing to request sanctions for the alleged discovery violation.

5. Trial counsel's failure to request an informant jury instruction is moot because the District Court did issue a witness credibility instruction;

6. Appellate counsel's failure to consult with Petitioner during direct appeal did not prejudice the defense because counsel is not required to raise every issue on appeal;

7. Appellate counsel was not deficient for not challenging Sergeant Purkey's testimony as an expert witness;

8. Appellate counsel was not deficient for failing to object to contact and statements between Petitioner and Sergeant Purkey; and

9. Petitioner's due process rights were not violated by the confidential sentence recommendation because disclosure of the recommendation is not mandated.

(Docket No. 227 at 7-20.)

### III. ANALYSIS

*A.  Standard Governing Claims of Ineffective Assistance of Counsel*

The Supreme Court has set forth a two-prong test for determining whether a convicted defendant's claim of ineffective assistance of counsel warrants the reversal of his conviction. Strickland v. Washington, 466 U.S. 668, 687 (1984). First, "the defendant must show that counsel's

5

performance was deficient." Id. Second, "the defendant must show that the deficient performance prejudiced the defense." Id. These two prongs are commonly referred to as the "performance" and "prejudice" prongs. Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992).

To satisfy the "performance" prong, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Strickland, 466 U.S. at 687. However, a reviewing court does not "grade" trial counsel's performance, and there is a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Carter v. Lee, 283 F.3d 240, 249 (4th Cir. 2002). Essentially, the reviewing court must not "second-guess" counsel's performance and must "evaluate counsel's performance 'from counsel's perspective at the time.'" Hunt v. Lee, 291 F.3d 284, 289 (4th Cir. 2002). Furthermore, the standard of reasonableness is objective, not subjective. See Strickland, 466 U.S. at 688.

To satisfy the "prejudice" prong, the defendant must demonstrate that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. Therefore, if counsel's errors have no effect on the judgment, the conviction should not be reversed. See Id. at 691. A defendant who alleges ineffective assistance of counsel following a guilty plea has an even higher burden: "he must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988). The Fourth Circuit has recognized that if a defendant "cannot demonstrate the requisite prejudice, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297.

The Fourth Circuit has set forth two categories of decisions made by trial counsel. First, there are "personal" decisions that require consent from the defendant, such as the decision to enter a guilty plea, the decision to waive a trial by jury, the decision to appeal, and the decision of whether to testify at trial. See Sexton v. French, 163 F.3d 874, 885 (4th Cir. 1998). The second category includes decisions that "'primarily involve trial strategy and tactics,' such as 'what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed.'" Id. (quoting United States v. Teague, 953 F.2d 1525, 1531 (11th Cir. 1992)). Accordingly, "[t]here is a strong presumption that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than sheer neglect." Harrington v. Richter, 131 S. Ct. 770, 790 (2011) (citations and internal quotation marks omitted).

## B. Petitioner's Ineffective Assistance of Counsel Claims

**Claims 1 and 7:[1]**   **Trial Counsel Failed to File a Motion to Sever Count Five from the Superseding Indictment.**

Petitioner argues that trial counsel was ineffective when he failed to file a motion to sever Count Five. Due to the Supreme Court's decision in Watson v. United States, 552 U.S. 74 (2007), Count Five of the Superseding Indictment was dismissed, rendering his claim moot.

Even if Count Five was not dismissed, Petitioner's argument regarding prejudice from lack of severance would be without merit because joinder was appropriate. If the offenses are of the "same or similar character," "based on the same act or transaction," or "connected with or constitute

---

[1]The claims will be addressed in order of presentation except for claim 3 which will be addressed separately and at the end. Some claims of ineffective assistance of trial counsel mirror claims of ineffective assistance of appellate counsel and they will be addressed together.

parts of a common scheme or plan," joinder is appropriate. Fed. R. Crim. P. 8(a). "Rule 8(a) permits very broad joinder because of the efficiency in trying the defendant on related counts in the same trial." United States v. Cardwell, 433 F.3d 378, 385 (4th Cir.2005). "Moreover joinder is the 'rule rather than the exception,' because the prospect of duplicating witness testimony, impaneling additional jurors, and wasting limited judicial resources suggests that related offenses should be tried in a single proceeding." United States v. Mir, 525 F.3d 351, 357 (4th Cir. 2008) (quoting United States v. Acker, 52 F.3d 509, 514 (4th Cir.1995)). However, if joinder of the offenses "appears to prejudice a defendant . . . the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). A defendant seeking severance "has the burden of demonstrating a strong showing of prejudice, . . . and it is not enough to simply show that joinder makes for a more difficult defense.... The fact that a separate trial might offer a better chance of acquittal is not a sufficient ground for severance." United States v. Goldman, 750 F.2d 1221, 1225 (4th Cir. 1984).

Petitioner argues that his trial counsel should have filed a motion to sever Count Five of the Superseding Indictment because the count prejudiced his defense and was unrelated to the other charges. (Docket No. 209-1 at 4-7.) Petitioner argues that because the "offenses are alleged to have occurred many, many, many months apart[,]" the offenses cannot be joined. (Id. at 6.) However, regardless of the gap in time between offenses, all charges stem from the conspiracy to distribute cocaine. The Fourth Circuit has "interpreted the latter two prongs of [Rule 8(a)] flexibly, requiring that the joined offenses have a 'logical relationship' to one another." United States v. Hirschfeld, 964 F.2d 318, 323 (4th Cir. 1992). This kind of relationship exists "when consideration of discrete counts against the defendant paints an incomplete picture of the defendant's criminal enterprise." Caldwell,

433 F.3d at 385. Counts One through Four charged Petitioner with drug trafficking crimes, while Count Five charged him with using a firearm during and in relation to a drug trafficking crime. Because these counts had a logical relationship to one another, joinder was appropriate.

In Claim Seven of Petitioner's motion, he states that appellate counsel failed to argue that trial counsel was ineffective when he failed to file a motion to sever Count Five of the Superceding Indictment. "A claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance." United States v. Williams, 977 F.2d 866, 871 (4th Cir.1992). Because the record did not show that trial counsel was ineffective, appellate counsel was not ineffective for failing to raise the issue on appeal. Therefore, this claim is also without merit.

**Claim 2:    Trial Counsel Interfered with Plea Negotiations**

Petitioner argues that he relied on trial counsel's deficient advice in rejecting a plea offer from the Government. (Docket No. 209-1 at 7-8.) Petitioner claims that trial counsel, James B. Zimarowski, stated that the Government's evidence was "scant, there was no audio or video evidence against him, and there would be no experts testifying on behalf of the Government." (Id.) He claims that he would have taken the plea agreement offered by the Government if trial counsel had not made the above claims.

On August 4, 2005, a final pre-trial conference was held, during which Petitioner was represented by David M. Anderson. On the same day, the Government offered Petitioner a plea agreement. (Id. at 12:8-12.) The Government made it clear to Petitioner that no plea deal would be extended beyond that day. (Id. at 31.) During this hearing, Petitioner accepted the plea agreement,

9

and the Court shifted into a Rule 11 proceeding. (Id. at 31; Id. at 35.) However, during the Rule 11 colloquy, Petitioner refused the plea agreement, stating that the proposed sentence was not the one that had been discussed and that he did not want to give up his appellate rights. (Docket 122-1 at 18.) On August 9, 2005, a pre-trial conference was held regarding Mr. Anderson's motion to withdraw as defense counsel. (Id. at 30.) During the conference, the Court granted Mr. Anderson's motion. (Id. at 91.) On August 18, 2005, a court order was entered appointing Mr. Zimarowski as defense counsel. According to the record, Mr. Zimarowski was not representing Petitioner when he rejected the plea agreement. Therefore, Petitioner's claim that Mr. Zimarowski interfered with the plea negotiations is without merit.

**Claim 4:  Trial Counsel Failed to Request Appropriate Sanctions for Discovery Violations**

Petitioner's claim that trial counsel was deficient for not requesting sanctions for discovery violations is without merit because discovery violations did not occur. Petitioner claims the Government stated it would use neither audio/video evidence nor expert testimony during trial. On August 4, 2005, during a pre-trial conference, the Government stated that it planned to call Sergeant Purkey as a witness. (Docket No. 122-1 at 26.) Also, from the transcript of the final pre-trial conference on January 13, 2006, it is clear the Government disclosed its witnesses and exhibits.

| | |
|---|---|
| The Court: | All right. With regard to the evidence in the case, have all the witnesses for the Government, as well as the Government's exhibits, been disclosed to the defendant, Mr. Zimarowski, as far as you know? |
| Mr. Zimarowski: | I believe so, Your Honor. There's been some communications problems but Ms. Wesley and I resolved those. |

(Docket No. 123 at 3.) Further, the Government clearly stated that it planned to use audio and video evidence at trial. At the above mentioned pretrial conference the following exchange occurred:

> The Court: All right. Are there going to be audio or videotapes or both that are going to be used during the trial, Ms. Wesley?
>
> Ms. Wesley: Yes, Your Honor.

(Id. at 4.)

During trial, the Court stated that Sergeant Purkey would be considered an expert. (Docket No. 126-1 at 17-18.) However, in response to defense counsel's objection, the Court stated that the information provided by Sergeant Purkey would be presented to the jury even if he did not testify, due to the fact that the Government would present the information in its closing argument. (Id.) The prejudice prong of Strickland has not been met because the information provided by Sergeant Purkey would have been presented by the Government even without the testimony. Strickland, 466 U.S. at 687.

**Claims 5 and 8: Trial Counsel Failed to Request an Informant Jury Instruction**

Petitioner's claim that trial counsel was ineffective for failing to request an informant jury instruction is without merit because the requisite instruction was provided by the Court. The purpose behind jury instructions is "to instruct the jury clearly regarding the law to be applied in the case." Unites States v. Lewis, 53 F.3d 29, 34 (4th Cir. 1995). Jury instructions are not flawed if they are a "fair and accurate statement of the law." Unites States v. Smoot, 690 F.3d 215, 223 (4th Cir. 2012).

The District Court gave a "Testimony of Witnesses Not Prosecuted or Witnesses With Plea Agreements" instruction. (Id.) This instruction serves as an informant instruction. It reads:

11

> One or more witnesses have testified in this case who have either not been prosecuted or have entered into plea agreements with the United States or have acted as government informants. You have heard that several witnesses either hope or are aware that the government has the discretion to move to have their criminal sentences reduced. A witness who has entered a plea agreement and thereafter renders substantial assistance to the government in the prosecution of others may be entitled to consideration of leniency for such assistance. These procedures are lawful and proper, and it is no concern of yours why the United States chose not to indict a certain person or, if it did indict him or her, why the government determined to treat that person with leniency.
>
> However, as it is the jury's role to determine the credibility of all witnesses, you must determine whether the testimony of such a witness has been affected by self-interest, or by the agreement he or she has with the government, or by his or her own interest in the outcome of the case, or by prejudice against the defendant. While the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty, the jury should keep in mind that such testimony is always to be received with caution and weighed with great care.
>
> Further, although a witness may have testified in this trial under plea agreement with the government in which that witness agreed to testify truthfully, the plea agreement signed by such witness is no guarantee of truthful testimony. You, the jury, are still the final judges of whether the testimony given by any witness in this case was truthful or not.

(Id. at 12-13.) Regardless of whether trial counsel requested the instruction, a proper informant instruction was given. Therefore, Petitioner was not prejudiced by trial counsel's failure to request the instruction, and any such failure is mooted by the giving of the instruction.

In Claim Eight of Petitioner's motion, he states that appellate counsel failed to argue that trial counsel was ineffective when he failed to request an informant instruction. "A claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance." United States v. Williams, 977 F.2d 866, 871 (4th Cir.1992). Because the record did not conclusively show that trial counsel was ineffective, appellate counsel was not ineffective for failing to raise the issue on appeal. Therefore, this claim is also without merit.

### Claim 6: Appellate Counsel Failed to Consult with Petitioner During the Appellate Process

Petitioner's claim that appellate counsel was ineffective when he failed to consider arguments Petitioner wished to make on appeal is without merit because appellate "[c]ounsel is not obligated to assert all nonfrivolous issues on appeal, as '[t]here can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review.'" Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir.2000) (en banc) (quoting Jones v. Barnes, 463 U.S. 745, 752 (1983)).

Petitioner argues that he was denied the assistance of counsel when appellate counsel did not consult with him about the arguments to make on appeal. (Docket No. 209-1 at 18.) Appellate counsel has a duty to consult with a defendant about appealing when "there is a reason to think either (1) that a rational defendant would want to appeal or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). It is clear that appellate counsel's duty only required him to consult with Petitioner about whether to file an appeal. Appellate counsel was not required to consult with Petitioner about the types of argument to make during the appeal. See Bell, 236 F.3d at 164.

### Claim 9: Appellate Counsel Failed to Argue that the Expert Testimony of a Drug Task Force Officer Fell Below the Required Daubert Standards

Petitioner's claim that appellate counsel was ineffective for failing to argue that the expert witness did not meet the Daubert standards is without merit because the District Court accepted the expert witness, and appellate counsel raised the claim on appeal. At trial, defense counsel objected to the use of Sergeant Purkey as an expert witness. (Docket No. 126-1 at 16-17.) The District Judge

overruled the objection.

> The Court: He's not a hired gun, but he is an expert under the Federal rules because he has more knowledge than the jurors do; therefore, I think you're going to have to lay a proper foundation but I will permit him to do it. I've permitted this in the past. One would expect, and I think you would to, that she's going to whether he has said it or not. He'd be doing this. She'd be doing this in closing argument because she has to and, moreover, this is helpful to the jury in seeing it from that perspective before the argument so I am going to permit it. I don't find any prejudice. I don't think there is any violation of the rule with regard to this as long as the proper foundation is laid.

(Id. at 17-18.)

The District Court "is not required to hold a Daubert hearing if neither party requests one." Muovich v. Raleigh Cnty. Bd. of Educ., 58 F. App'x 584, 589 (4th Cir. 2003) (per curiam). In the present case, neither party requested a Daubert hearing. In the event that a hearing is requested, "[a]ll Daubert demands is that the trial judge make a 'preliminary assessment' of whether the proffered testimony is both reliable (i.e. based on 'scientific knowledge') and helpful (i.e. of assistance to the trier of fact in understanding or determining a fact in issue)." Maryland Cas. Co. v. Therm-O-Disc., Inc., 137 F.3d 780, 783 (4th Cir. 1998) (per curiam).

On appeal, counsel argued "that the District Court erred in allowing the government to improperly bolster the testimony of their other witnesses through Sergeant Purkey's testimony." Martin, 278 F. App'x at 250. The Fourth Circuit stated:

> Sgt. Purkey's testimony on the types of drugs, the typical drug weights found in Harrison County, and the drug weights associated with the other witnesses' testimony likely aided the jury in ascertaining the truth. Additionally, the district court properly provided limiting instructions and gave the defendant the opportunity to voir dire Sgt. Purkey and conduct extensive cross examination of his testimony. We find, therefore, the district court did not commit reversible error in admitting Sgt. Purkey's testimony.

14

Id.

### Claim 10: Appellate Counsel Failed to Argue that the Drug Task Force Officer's Testimony Regarding Prior Contacts with Petitioner Violated the Federal Rules of Evidence

Petitioner claims that appellate counsel was ineffective for failing to argue that a violation of Rule 404(b) of the Federal Rules of Evidence occurred when Sergeant Purkey testified about his previous encounters with Petitioner. (Docket No. 209-1 at 21-22.) Petitioner argues that this testimony led the jury to believe that Petitioner had previously been arrested by Sergeant Purkey. (Id. at 22.) Rule 404(b) states that "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b).

Petitioner's claim that appellate counsel was ineffective for failing to argue the alleged violation on appeal is without merit because he did raise the issue of Sergeant Purkey's testimony. On appeal, the Fourth Circuit held that "the district court properly provided limiting instructions and gave the defendant the opportunity to voir dire Sgt. Purkey and conduct extensive cross examination of his testimony. We find, therefore, the district court did not commit reversible error in admitting Sgt. Purkey's testimony." Martin, 278 F. App'x at 250.

Even if appellate counsel failed to raise the issue on appeal, "[c]ounsel is not obligated to assert all nonfrivolous issues on appeal, as '[t]here can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review.'" Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (quoting Jones v. Barnes, 463 U.S. 745, 752 (1983)).

**Claim 11:** **Appellate Counsel Failed to Argue that the Probation Office's Confidential Sentence Recommendation to the Judge Violated Petitioner's Due Process Rights**

Petitioner claims that appellate counsel was ineffective for failing to argue that Petitioner's due process rights were violated when he was not provided the confidential sentence recommendation. Accordingly, he argues that appellate counsel was ineffective for failing to make this argument on appeal. Petitioner's claim is without merit because he did not have a right to the recommendation. The Court can "direct the probation officer not to disclose to anyone other than the court the officer's recommendation on the sentence." Fed. R. Crim. P. 32(e)(3). The Fourth Circuit held that

> While a convicted defendant retains a due process right not to be sentenced on the basis of materially false or inaccurate information, access to the sentencing recommendation, which is nothing but a subjective judgment made on the basis of facts contained elsewhere in the report, is not necessary to vindicate that interest.

United States v. Headspeth, 852 F.2d 753, 755 (4th Cir. 1988); see also United States v. McKinney, 450 F.2d 943, 943 (4th Cir.1971) (due process does not require disclosure of presentence report); United States v. Knupp, 448 F.2d 412 (4th Cir.1971).

**Claim 3.** **Trial Counsel Refused to Let Petitioner Testify on His Own Behalf**

Petitioner claims that trial counsel refused to allow him to testify on his own behalf, and that he was prejudiced by not testifying. (Docket No. 209-1 at 10.) "A criminal defendant has a constitutional right to testify on his own behalf at trial." United States v. Midgett, 342 F.3d 321, 325 (4th Cir.2003). It is "the defendant who retains the ultimate authority to decide whether or not to testify." United States v. McMeans, 927 F.2d 162, 163 (4th Cir.1992). However, "the advice provided by a criminal defense lawyer on whether his client should testify is a paradigm of the type

of tactical decision that cannot be challenged as evidence of ineffective assistance." Carter v. Lee, 283 F.3d 240, 249 (4th Cir.2002).

Petitioner has included, along with the § 2255 motion, his sworn affidavit supporting this claim. (Docket No. 209-2 at 2.) Petitioner claims that he expressed a desire to testify after the Government presented its audio evidence and expert witness testimony. (Docket No. 209-1 at 9.) Petitioner claims that trial counsel "told [him] that he would not be allowed to testify because [trial counsel] never prepared the defense in a manner to invoke [Petitioner's] testimony." Id. Also, he claims that trial counsel stated that he "was not allowed to testify because the U.S. Attorney would embarrass him." Id. Petitioner argues had he testified at trial he would have presented evidence explaining his encounters with two of the Government's witnesses, as well as evidence refuting the audio and video presented by the Government. The record does not contain an affidavit from trial counsel regarding Petitioner's claim. Based on the record, Petitioner's claim cannot be resolved on the affidavit alone. See United States v. Stokes, 112 F. App'x 905 (4th Cir. 2004) (per curiam); United States v. Stevens, 129 F.3d 1261 (4th Cir. 1997) (per curiam). Therefore, the undersigned recommends that an evidentiary hearing be held with regards to Petitioner's ninth claim. See United States v. Squillacote, 183 F. App'x 393 (4th Cir. 2006) (per curiam).

### IV. **OTHER MATTERS**

On July 1, 2013, Petitioner filed a Motion to Supplement the Record with Case Law from the Supreme Court of the United States in Support of Relief, citing United States v. Alleyne, 133 S.Ct. 2151 (2013). Alleyne held that "facts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt." 133 S.Ct. at 2158. In Alleyne, however, the Supreme Court did not declare this new rule to be retroactive

on collateral attack. See also In re Kemper, 735 F.3d 211 (5th Cir. 2013); In re Payne, 733 F.3d 1027 (10th Cir. 2013); Simpson v. United States, No. 13-2373, 2013 WL 3455876, at *1 (7th Cir. July 10, 2013) (all finding that Alleyne does not apply retroactively). In addition to the Fifth, Seventh and Tenth Circuits, a number of district courts in this circuit and across the country have determined that Alleyne should not be applied retroactively for the purposes of collateral attack. See e.g., Williams v. United States, No. 5:13-CV-00108, 2013 WL 4083274, at *2 (W.D.N.C. August 13, 2013); Smith v. Holland, No. 13-147-KKC, 2013 WL 4735583, at *4 (E.D.Ky. Sept. 3, 2013); Smith v. Fed. Bureau of Prisons, No. 9:13–384–RMG, 2013 WL 833050 (D.S.C. July 23, 2013). Additionally, Alleyne expanded upon the holding in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), which found that facts increasing the statutory maximum must be submitted to the jury and proved beyond a reasonable doubt. 530 U.S. at 490 (emphasis added). According to the Seventh Circuit, the "Justices have decided that other rules based on Apprendi do not apply retroactively on collateral review. This implies that the Court will not declare Alleyne to be retroactive." Simpson, 2013 WL 3455876, at *1 (citing Schriro v. Summerlin, 542 U.S. 348, 124 S.Ct. 2519 (2004)). Accordingly, Petitioner cannot benefit from Alleyne because the Supreme Court did not declare this new rule to be retroactive on collateral attack.

## V. RECOMMENDATION

For the foregoing reasons, with the exception of Claim Three, the undersigned recommends that the remaining claims ( **Claims One, Two, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven and Other Matters**) of Petitioner's § 2255 motion (DE 1) be **DENIED** and dismissed from the docket. The undersigned **RECOMMENDS** that an evidentiary hearing be held regarding **Claim Three** of Petitioner's § 2255 motion (DE 1).

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendations to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge. Failure to file timely objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation, 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the pro se Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is directed to send a copy of this Report and Recommendation to counsel of record.

Dated: July 16, 2014

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE