IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GEORGE MARTIN,

        Petitioner,

v.                            CIVIL ACTION NO. 1:13CV149
                            CRIMINAL ACTION NO. 1:05CR21
                                 (Judge Keeley)

UNITED STATES OF AMERICA,

        Respondent.

## MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION AND DISMISSING THE CASE WITH PREJUDICE

Pending before the Court is the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by the petitioner, George Martin ("Martin") (Dkt. No. 1).[1] The question presented is whether Martin can establish, by a preponderance of the evidence, that trial counsel was ineffective for allegedly preventing him from testifying. For the reasons that follow, the Court **DENIES** Martin's § 2255 motion and **DISMISSES** the case **WITH PREJUDICE**.

---

[1] Although Martin filed his § 2255 motion pro se, on February 9, 2016, the Court appointed Federal Public Defender Brian J. Kornbrath to represent him (Dkt. No. 32).

## MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION
## AND DISMISSING THE CASE WITH PREJUDICE

### BACKGROUND[2]

On May 18, 2005, a grand jury in the Northern District of West Virginia returned a superseding indictment charging Martin with the following five felony counts (Dkt. No. 22 at 1-5):

- Count One:     Conspiracy to Possess with Intent to Distribute and to Distribute in Excess of 50 Grams of Crack Cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii);

- Count Two:     Aiding and Abetting the Distribution of Crack Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2;

- Count Three:   Distribution of Crack Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C);

- Count Four:    Distribution of Crack Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and,

- Count Five:    Using a Firearm During and in Relation To a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(I).

---

[2] Unless otherwise noted, the citations in this section refer to Martin's criminal case, Case No. 1:05CR21. The citations in the remainder of this Memorandum Opinion and Order refer to the instant civil action, Case No. 1:13CV149.

## MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION
## AND DISMISSING THE CASE WITH PREJUDICE

On January 27, 2006, a jury convicted Martin of Counts One, Two, Four, and Five, and acquitted him of Count Three (Dkt. No. 100). On May 12, 2006, Martin received a sentence of 210 months of incarceration as to Counts One, Two, and Four, to be served concurrently, and 60 months of incarceration as to Count Five, to run consecutively (Dkt. No. 111).

Martin appealed his sentence to the United States Court of Appeals for the Fourth Circuit, arguing that (1) he had not violated 18 U.S.C. § 924(c)(1)(A)(I) by trading a quantity of cocaine base for a firearm; (2) the Court erred when it failed to instruct the jury on weaker and less satisfactory evidence; and, (3) the Court erred by allowing the government to "improperly bolster" its case by admitting the testimony of a drug task force officer and a videotape. The government cross-appealed Martin's sentence, arguing that the Court's determination that it was unable to make additional factual findings not determined by the jury was erroneous. The Fourth Circuit vacated Martin's conviction on the firearm charge in Count Five, affirmed his convictions on Counts One, Two, and Four, and remanded the case to this Court with instructions to resentence Martin. United States v. Martin, 278 F. App'x 248, 253 (4th Cir. 2008) (per curiam) [Martin I].

## MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION
## AND DISMISSING THE CASE WITH PREJUDICE

When resentenced on January 11, 2011, Martin received a sentence of 270 months of incarceration as to Count One, and 240 months as to Counts Two and Four, to be served concurrently (Dkt. No. 187). Martin appealed, arguing that the Court had erroneously based his sentence on a drug amount greater than that found by the jury, and had erred when it applied a three-level role enhancement under the guidelines.

The Fourth Circuit affirmed Martin's sentence, see United States v. Martin, 456 F. App'x 240, 242 (4th Cir. 2011) (per curiam) [Martin II], and the Supreme Court of the United States later denied his petition for writ of certiorari. Martin v. United States, 133 S.Ct. 285 (Mem) (2012).

After exhausting his appellate remedies, Martin timely filed this motion to vacate pursuant to 28 U.S.C. § 2255, raising the following eleven claims:

1.    Trial counsel failed to file a motion to dismiss or sever Count Five of the superseding indictment;

2.    Trial counsel interfered with plea negotiations;

3.    Trial counsel refused to let him testify on his own behalf;

4.    Trial counsel failed to request appropriate sanctions for the government's discovery violations;

5.    Trial counsel failed to request an informant jury instruction;

4

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION
AND DISMISSING THE CASE WITH PREJUDICE**

6. Appellate counsel failed to consult with him during the appeals process;

7. Appellate counsel failed to argue that trial counsel was ineffective for failing to file a motion to dismiss or sever Count Five;

8. Appellate counsel failed to argue that trial counsel was ineffective for failing to request an informant instruction;

9. Appellate counsel failed to argue that the expert testimony of the drug task force officer fell below the <u>Daubert</u> standard;

10. Appellate counsel failed to argue that the drug task force officer's testimony regarding prior contact with Martin violated the Federal Rules of Evidence; and,

11. Appellate counsel failed to argue that the probation officer's confidential sentencing recommendation violated Martin's due process rights (Dkt. No. 209-1 at 4-25).

On July 16, 2014, Magistrate Judge Kaull issued an R&R, which recommended that the Court deny and dismiss all of Martin's claims, except for Claim Three (Dkt. No. 228). As to that claim, he recommended that the Court hold an evidentiary hearing to determine whether trial counsel, in contravention of Martin's demand, had refused to allow him to testify on his own behalf. <u>Id.</u> at 16-17.

## MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION
## AND DISMISSING THE CASE WITH PREJUDICE

Martin objected to the R&R's recommendations that the Court dismiss Claim Nine and hold an evidentiary hearing on Claim Three (Dkt. No. 235). He argued that a hearing was unnecessary because the government had not disputed the facts alleged in Claim Three. Id. at 2-13. Subsequently, he moved to expand the record and for discovery of his file (Dkt. No. 241).

The Court adopted the R&R, overruled Martin's objections, and dismissed all of the claims in his § 2255 motion except for Claim Three (Dkt. No. 29). Thereafter, on April 29, 2016, it held an evidentiary hearing, following which the parties filed simultaneous post-hearing briefs (Dkt. Nos. 53, 54). The matter is now fully briefed and ripe for disposition.

## § 2255 STANDARD

Title 28 U.S.C. § 2255(a) permits federal prisoners in custody to assert the right to be released if "the sentence was imposed in violation of the Constitution or laws of the United States," if "the court was without jurisdiction to impose such sentence," or if "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." A petitioner bears the burden of proving any of these grounds by a preponderance of the

evidence.  See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).


## APPLICABLE LAW

In order to succeed on a claim of ineffective assistance of counsel, a petitioner must establish both that counsel's performance was objectively unreasonable ("the performance prong"), and also that such unreasonable performance prejudiced the defense ("the prejudice prong").  Strickland v. Washington 466 U.S. 668, 687 (1984).  To satisfy this test, "the defendant must show there is a reasonable certainty that, but for counsel's professional errors, the result of the proceeding would have been different."  Id. at 694.  When examining counsel's behavior, there is a "strong presumption" that an attorney's behavior is within "the wide range of reasonable professional assistance," id. at 689, a highly deferential standard of reasonableness.  Kimmelman v. Morrison, 477 U.S. 365, 381 (1986).  Overcoming Strickland's "high bar is never an easy task."  Padilla v. Ky., 559 U.S. 356, 371 (2010).

The Fourth Circuit distinguishes two categories of decisions made by trial counsel.  Personal decisions requiring consent from the defendant include whether to enter a guilty plea, waive a trial

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION
AND DISMISSING THE CASE WITH PREJUDICE**

by jury, appeal, and testify at trial.  <u>See</u> <u>Sexton v. French</u>, 163
F.3d 874, 885 (4th Cir. 1998).  Strategic decisions, such as what
evidence should be introduced, which objections should be raised,
and what pre-trial motions should be filed, "primarily involve
trial strategy and tactics."  <u>Id.</u> (internal quotations and
citations omitted).  A strong presumption exists that "counsel's
attention to certain issues to the exclusion of others reflects
trial tactics," and not neglect.  <u>Harrington v. Richter</u>, 562 U.S.
86, 109 (2011) (citations and internal quotation marks omitted).

## <u>ANALYSIS</u>

In Claim Three, Martin alleges that his trial counsel, James
Zimarowski ("Zimarowski"), refused to allow him to testify in his
own defense (Dkt. No. 1-1 at 9).  According to Martin, Zimarowski
"told [him] that he would not be allowed to testify because
Zimarowski never prepared the defense in a manner to invoke
[Martin's] testimony," and because "the U.S. [A]ttorney would
embarass [sic] him."  <u>Id.</u>  Martin contends that, had he been able
to testify, he would have "convey[ed] his side of the story . . .,"
but he never specifies what his testimony would have been.  <u>Id.</u>
Based on the trial transcript, the government contends Martin and

MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION
AND DISMISSING THE CASE WITH PREJUDICE

Zimarowski "strategically concluded" that Martin should not testify in his defense (Dkt. No. 16 at 12).

According to Martin, he is entitled to a new trial for two reasons. First, the Court should have granted his § 2255 motion without an evidentiary hearing because, until the hearing, the government never offered any evidence rebutting his affidavit. Second, the denial of his right to testify is a structural error, and prejudice thus is presumed under Strickland (Dkt. No. 54). The Court will address these arguments in turn.

## I.  The Affidavit

Martin contends that the Court erred in holding an evidentiary hearing because the government never filed anything "rebutting" his affidavit in the two years following the filing of his § 2255 motion (Dkt. No. 54 at 1). He contends that he is entitled to a new trial as a matter of right because the government "provided no reasonable explanation as to why no affidavit from trial counsel was provided to the district court to rebut his ineffective assistance of counsel claim." Id. at 2.

After its initial review of Martin's petition, including his affidavit, the Court concluded that Claim Three could not be resolved solely on the basis of the record, and that an evidentiary

hearing was required.  At the evidentiary hearing, the government explained that Zimarowski had refused to produce documents prior to that time, citing attorney-client privilege (Dkt. No. 50 at 7–8). Zimarowski explained that, pursuant to a 2010 American Bar Association Opinion, he was precluded from offering assistance to prosecutors in an ineffective assistance of counsel proceeding. Id. at 11.  After the Court determined Martin had waived the attorney-client privilege by filing his claim, Zimarowski took the stand and testified about his communications with his client.  Id. at 15.

Except in cases where a prisoner is clearly not entitled to relief, "§ 2255 makes an evidentiary hearing mandatory." United States v. Stokes, 112 F. App'x 905, 906 (4th Cir. 2004) (per curiam); see also 28 U.S.C. § 2255(b).  Importantly, when the contested issue "is one of credibility," an evidentiary hearing in open court is required because "resolution on the basis of affidavits can rarely be conclusive . . . ." Id. (quoting Raines v. United States, 423 F.2d 526, 530 (4th Cir. 1970)).

Here, the contested issue – whether Zimarowski refused to allow Martin to testify, and, if so, whether such refusal prejudiced Martin within the meaning of Strickland – implicated the

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION
AND DISMISSING THE CASE WITH PREJUDICE**

credibility of the witnesses. Furthermore, the government has offered a reasonable explanation for its "failure" to file an affidavit, namely, that Zimarowski refused to assist the prosecution until after the Court found that Martin had waived his attorney-client privilege. The Court therefore rejects Martin's argument that he is entitled to a new trial because the government failed to rebut his affidavit.[3]

## II. Structural Error

Martin next claims that Zimarowski's interference with his right to testify is a "structural error," such that he need not show that the outcome of his trial would have been different (Dkt. No. 54 at 3). In the Fourth Circuit, however, the law is clear that a petitioner must show both deficient performance and prejudice to succeed under <u>Strickland</u>. <u>Sexton</u>, 163 F.3d at 882 ("Consequently, a criminal defendant's claim that his trial counsel was constitutionally ineffective because trial counsel failed to

---

[3] Martin argues that, had the situation been reversed and he not have provided an affidavit in support of his motion, the Court would have dismissed the motion (Dkt. No. 54 at 2). He concludes that the Court should therefore do the opposite and grant his motion based on the government's failure to "rebut" it. <u>See id.</u> This seeming inconsistency is easily explained because it is Martin's burden as the movant to support his motion by a preponderance of the evidence, not the government's burden to rebut the motion. <u>See</u> <u>Miller</u>, 261 F.2d at 547.

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION
AND DISMISSING THE CASE WITH PREJUDICE**

inform him of his right to testify or because trial counsel forced

him to testify must satisfy the two-prong test established in

Strickland . . . .”).  The Court therefore rejects Martin's

argument that it should presume prejudice and not subject his claim

to the two-prong requirement of Strickland.

**III. Strickland**

   **A.   Deficient Performance**

   Indisputably, a defendant in a criminal trial has a

constitutional right to testify on his own behalf.  See Rock v.

Ark., 483 U.S. 44, 51-53 (1987); 18 U.S.C. § 3481.  Although “the

defendant . . . retains the ultimate authority to decide whether or

not to testify,” United States v. McMeans, 927 F.2d 162, 163 (4th

Cir. 1991), his attorney is obliged to ensure that the defendant is

informed of his right to testify.  See Sexton, 163 F.3d at 882.

Counsel's alleged advice to Martin not to testify is “the very type

of tactical decision that cannot be challenged as evidence of

ineffective assistance.”  Carter v. Lee, 283 F.3d 240, 253 (4th

Cir. 2002) (quoting Hutchins v. Garrison, 724 F.2d 1425, 1436 (4th

Cir. 1983) (internal quotation marks omitted)).

   In his affidavit, Martin avers he told Zimarowski that he

“wanted to testify on [his] own behalf after the Government

introduced a surprise audio and video as evidence and used testimony from an expert." (Dkt. No. 1-2 at 2). Allegedly, Zimarowski told Martin "no because he never prepared the defense in a manner to use my testimony and the Assistant U.S. Attorney would embarass [sic] me." <u>Id.</u> When given the opportunity to testify at the evidentiary hearing, Martin declined to do so (Dkt. No. 50 at 35).

Zimarowski, an experienced defense attorney, denied making the statements attributed to him by Martin. <u>Id.</u> at 32–33. Moreover, he testified that, had Martin requested to testify at the last minute, he would have put him on the stand. <u>Id.</u> at 34. According to Zimarowski, he had substantive discussions with Martin about his right to testify at trial throughout the fall of 2005 and on into the winter of 2006. <u>Id.</u> at 16. He met with Martin in person, spoke with him over the telephone, and sent him correspondence. <u>Id.</u> He testified that, on multiple occasions, he explained to Martin that he was the only person who could make the ultimate decision about whether he should testify. <u>Id.</u> at 17, 25.

Although Zimarowski expressed his opinion that Martin should not testify, he stated he made it clear to Martin that his opinion was just that - his opinion - and that Martin would need to make the ultimate decision. <u>Id.</u> at 18. Martin never expressed whether

he wished to testify or not, but rather, "simply listened" to what
Zimarowski had to say and took the matter under consideration.  Id.

Before trial, Zimarowski wrote Martin letters discussing trial
strategy and preparation, including whether he would testify.  At
the evidentiary hearing, Zimarowski produced two of those letters,
dated December 7, 2005, and January 19, 2006.  Zimarowski's
December 7, 2005, letter states, in relevant part, as follows:

> The only witness we need not disclose is you if you
> choose to testify.  As I indicated to you early on, it is
> generally not in a defendant's advantage to testify at
> trial particularly if, like you, they have a lengthy
> criminal history.  However, since the Government is
> obviously trying to put you away for life, this position
> becomes one that you must seriously consider whether your
> case is strengthened or weakened by your testimony and
> your criminal history being exposed to the jury. We will
> be discussing this strategic issue in greater detail as
> trial approaches (Dkt. No. 43 at 2).

Zimarowski also wrote Martin a letter dated January 19, 2006,
to follow up on whether he should testify at trial.  That letter,
in relevant part, states:

> I need you also to begin thinking about whether you wish
> to testify at trial.  As my previous correspondence
> indicates, I have gone back and forth on this issue, but
> I believe my recommendation would be that you do not
> testify.  If you testify, one tactic the Government will
> use is to cross-examine you on all the crack heads and
> crack whores that have testified against you.  Since
> there are so many of them you will simply be up there
> making denial after denial.  Additionally, having no
> employment and over the table income in West Virginia you
> are subject to cross-examination by the Government

> drawing an inference for the jury that you are simply
> down here from Pennsylvania to sell drugs. Note that you
> are before a jury of North Central West Virginians not
> younger individuals who are into the club scene. You
> need to think of how these will play to a jury.

Id. at 4.

After trial commenced, Zimarowski testified that he asked
Martin several times whether he wanted to testify, but that "[h]is
answer remained no." (Dkt. No. 50 at 21). Martin never advised
Zimarowski why he did not want to testify; Zimarowski assumed that
he "was listening to all of my comments regarding what would happen
in the event he chose to testify and balanced his testimony against
the benefit or the negative to the case we had presented through
cross-examination and chose not to testify." Id. After the
government rested its case, Martin made the final decision not to
testify. Id. at 22.

The trial transcripts corroborate Zimarowski's version of
events. Tellingly, on January 25, 2006, when asked how long
Martin's case-in-chief would last, Zimarowski responded, "Your
honor, we still haven't decided whether or not Mr. Martin will take
the stand." (Dkt. No. 125-3 at 36). Later, after two task force
agents had testified, Zimarowski advised the Court that "at this
time we do not anticipate Mr. Martin testifying . . . ." (Dkt. No.
125-5 at 25). On January 26, 2006, the government rested its case-

in-chief, at which time Zimarowski advised that he had "been in consultation with Mr. Martin and we do not feel the Government's case is sufficient and we will rest at this time . . . ." (Dkt. No. 126-2 at 21).  At no time did Martin express his desire to testify on the record.

After careful consideration of Martin's affidavit, the trial transcripts, and Zimarowski's testimony, the Court finds Zimarowski's version of events to be credible and accurate.  He has been a practicing attorney for 34 years, during which he has represented thousands of criminal defendants (Dkt. No. 50 at 15-16).  He routinely has taught continuing legal education courses, including courses delving into whether an attorney or a client makes the decision in a particular case.  Id.  His testimony was thorough, complete, and wholly credible.  That Martin may, in retrospect, regret having followed Zimarowski's advice not to testify is unavailing; that advice is "the very type of tactical decision that cannot be challenged as evidence of ineffective assistance." Carter, 283 F.3d at 253 (internal citations omitted).

Furthermore, Martin's affidavit, filed more than seven years after the trial concluded, is the first time he has argued that Zimarowski violated his right to testify.  He did not speak up at trial when Zimarowski indicated his intent not to testify.  He

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION
AND DISMISSING THE CASE WITH PREJUDICE**

declined to testify at the evidentiary hearing, and the account in his affidavit differs from the other evidence in this case.  The Court therefore **FINDS** that Zimarowski's version of events is credible, and **HOLDS** that Martin has failed to establish by a preponderance of the evidence deficient performance under Strickland.

### B.   Prejudice

Even if Martin could succeed in establishing deficient performance, he cannot make a sufficient showing of prejudice under Strickland.  Once a defendant establishes that his attorney refused to allow him to testify, he must then "show that 'counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'"  Gregory v. United States, 109 F. Supp. 2d 441, 448 (E.D. Va. 2000) (quoting Sexton, 163 F.3d at 882).  This requires that the defendant demonstrate a reasonable probability "sufficient to undermine confidence in the outcome" "that, absent the error, the result of the trial would have been different."  Id.

Martin, whose position is that prejudice is presumed, never elucidates how he would have testified at trial (Dkt. No. 54 at 3–5).  At the evidentiary hearing, the Court advised him that it

17

disagreed with his version of the law, and offered him an opportunity to put on evidence establishing how he would have testified (Dkt. No. 50 at 35-36). Martin's attorney, Mr. Kornbrath, told the Court that Martin did not wish to testify concerning what he would have said at trial because "he thinks such an analysis is impossible . . . ." Id. at 38. The Court placed Martin under oath, who then affirmed that he does not believe he is required to provide the Court with proffered trial testimony. Id.

The government contends that the jury would have convicted Martin regardless of whether he had testified at trial (Dkt. No. 53 at 9). The government cites multiple witnesses who testified that they purchased crack cocaine from Martin, videotape evidence, and corroboration by different witnesses of basic details, such as the identity of drug runners employed by Martin, locations where Martin sold crack cocaine, and the quantity and street value of the cocaine. Id.

Martin's failure to explain how his testimony would have affected the outcome of the trial — or even to indicate what his testimony would have been — is insufficient to satisfy the Strickland standard. Gregory, 109 F. Supp. 2d at 448. Moreover, the trial transcripts belie any notion that the result of Martin's trial would have been different had he testified.

18

## MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION
## AND DISMISSING THE CASE WITH PREJUDICE

During Martin's three-day trial, fourteen (14) fact witnesses, three (3) law enforcement witnesses, and two (2) chemists testified for the government (Case No. 1:05CR21, Dkt. Nos. 124, 125, 126). The government introduced audio and video evidence, as well as the controlled substances purchased from Martin by confidential informants. <u>Id.</u> The witnesses' testimony was consistent as to Martin's <u>modus operandi</u>: he used others, mostly women, to serve as "runners" in his drug operation; he drove a red car and a silver Taurus; and, on at least two occasions, he stored the crack cocaine intended for sale in his mouth. <u>Id.</u> Moreover, the witnesses consistently identified Martin's favorite haunts to sell drugs: Curtis Ball's house, Bulldog's house, Northview, Monticello Avenue, and the Vets Club. <u>Id.</u>

In light of Martin's failure to proffer what his testimony at trial would have been, as well as the overwhelming evidence of his drug activity presented by the government at trial, the Court concludes he has failed to prove by a preponderance of the evidence "that there is a reasonable certainty that, but for counsel's professional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694.

## MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION
## AND DISMISSING THE CASE WITH PREJUDICE

### CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because Martin has not made a "substantial showing of the denial of a constitutional right." <u>See</u> 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336–38 (2003). Upon review of the record, the Court concludes that Martin has failed to make the requisite showing, and **DENIES** a certificate of appealability.

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION**
**AND DISMISSING THE CASE WITH PREJUDICE**

<u>CONCLUSION</u>

For all of the reasons discussed, the Court **DENIES** Martin's § 2255 motion and **DISMISSES** the case **WITH PREJUDICE**.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Memorandum Opinion and Order to counsel of record and the petitioner, certified mail, return receipt requested, to enter a separate judgment order, and to remove this case from the Court's active docket.

DATED:  July 6, 2016.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE